IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00780-WJM-MJW

CYNTHIA MITCHELL,

Plaintiff(s),

v.

MICHAEL MANZER,

Defendant(s).

---

**RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST
DEFENDANT MICHAEL MANZER, OR, IN THE ALTERNATIVE, PLAINTIFF'S
MOTION FOR EXTENSION OF TIME TO FILE EXPERT WITNESS DISCLOSURES
(Docket No. 31)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case was referred to the undersigned pursuant to an Order Referring Case which was entered by Judge William J. Martinez on March 28, 2012. (Docket No. 5).

This personal injury action was commenced on March 27, 2012 (Docket No. 1). It arises out of a skiing/snowboarding collision that occurred in Breckenridge, Colorado, on February 24, 2012. Plaintiff alleges that defendant Michael Manzer was the uphill or overtaking skier and breached his primary duty to avoid colliding into the plaintiff by overtaking and colliding into the plaintiff at high speed, from above and uphill. Plaintiff allegedly sustained, among other things, a closed head injury/concussion, fractured jaw, and four fractured teeth, requiring surgical repair.

The pro se defendant filed a letter on April 30, 2012 (Docket No. 8), which the

court construed and filed as an Answer.  In that document, defendant provided an e-mail address and a cell phone number.  He asserts that he was skiing in full control and descending at a normal rate of speed until the plaintiff turned into defendant's path, giving defendant no time to respond or react to the situation, resulting in them both colliding in a head-on manner.  According to defendant, the collision occurred on the flat snow of a cat-track where they were both on equal, level ground and footing.  He alleges he had a clear and established line that he had committed to next to the boundary rope when plaintiff skied out from behind several other skiers directly into his path.  He allegedly did everything within his power to avoid an accident and minimize the impact, but he claims it was plaintiff's actions, not his, that resulted in their collision.  He believes it was a no-fault accident.  (Docket No. 8).

Now before the court for a report and recommendation is the Plaintiff's Motion for Entry of Default Judgment Against Defendant Michael Manzer, or In the Alternative, Plaintiff's Motion for Extension of Time to File Expert Witness Disclosures (Docket No. 31), which was filed on January 3, 2013.  Defendant has not filed a response to this motion.[1]  The court has carefully considered the motion and has taken judicial notice of the court file.  In addition, the court has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings, conclusions of law, and recommendation.

Plaintiff asserts the following in her motion.  After filing the document that was

---

[1] Plaintiff's Certificate of Service indicates a copy of the motion was sent to the defendant via e-mail to the e-mail address plaintiff provided in his Answer as well as to a Post Office Box address and a physical address in Breckenridge.  (Docket No. 31 at 7).

construed by the court as an Answer (Docket No. 8), defendant has been unresponsive. Plaintiff served her initial disclosures on November 5, 2012, and subsequently attempted to serve certain discovery requests, including Requests for Production, Interrogatories, and Requests for Admission, on the defendant, utilizing addresses believed to belong to defendant based upon plaintiff's counsel's investigation. In fact, these discovery requests were sent to two different addresses, but they were returned to plaintiff by the U.S. Postal Service as undeliverable on November 8, 2012. (See Pl.'s Ex. 1, Docket No. 31-1). Thereafter, on November 20, 2012, plaintiff attempted to serve discovery requests on defendant by way of the e-mail address he provided in his Answer. Defendant has not served any responses to any discovery of the plaintiff's discovery requests.

In addition, defendant failed to be involved with the drafting of the proposed Scheduling Order, failed to submit his Fed. R. Civ. P. 26(a) disclosures, failed to appear at the Scheduling Conference, and failed to advise plaintiff's counsel or the court regarding the best way to contact him. Overall, defendant has failed to defend against plaintiff's claims. On information and belief, defendant is not a minor or incompetent person. Therefore, plaintiff seeks an Order, pursuant to Fed. R. Civ. P. 55, granting default judgment in favor of the plaintiff and against the defendant. Since the plaintiff's claim is not for a sum certain or a sum that can be made by a computation by the clerk, plaintiff further requests pursuant to Fed. R. Civ. P. 55(b)(2)(B) that the court conduct a hearing to determine the amount of damages. In the alternative, plaintiff seeks an extension of time to file expert witness disclosures.

Rule 16(f) of the Federal Rules of Civil Procedure provides in pertinent part that

4

"[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) **rendering a default judgment against the disobedient party**; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).  "Default must enter against a party who fails to appear or otherwise defend a lawsuit."  U.S. ex rel. Volvo Const. Equipment Rents, Inc. v. Watts Constructors, LLC, 2013 WL 673733, at *1 (D. Colo. Feb. 22, 2013) (citing Fed. R. Civ. P. 55(a)).  "Pursuant to Rule 55(b)(1), default judgment must be entered by the clerk of court if the claim is for 'a sum certain'; in all other cases, 'the party must apply to the court for a default judgment.' "  Id. (quoting Fed. R. Civ. P. 55(b)(2)).

"[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound discretion' of the court."  Greenwich Ins. Co. v. Daniel Law Firm, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008).  The court must

5

take several steps before granting a motion for default judgment. "First, the Court must ensure that it has personal jurisdiction over the defaulting Defendant[] and subject matter over the action." U.S. ex rel. Volvo Const. Equipment Rents, Inc., 2013 WL 673733, at *1 (citing Williams v. Life Sav. & Loan, 802 F.2d 1200, 1202-03 (10th Cir. 1986)). "Next, the Court should consider whether the well-pleaded allegations of fact . . . support a judgment on the claims against the defaulting Defendant[]." Id. (citing Federal Fruit & Produce Co. v. Red Tomato, Inc., 2009 WL 765872, *3 (D. Colo. Mar. 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.") (citations omitted)).

"[A] default judgment is a harsh sanction . . . ." FDIC v. Dailey, 973 F.2d 1525, 1530 (10th Cir. 1992). Thus, "due process requires that failure [to comply with a discovery request/order] is a sufficient ground only when it is the result of willfulness, bad faith, or some fault of [the offending party] rather than inability to comply." M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872 (10th Cir. 1987) (internal quotations omitted). The Tenth Circuit has "defined a willful failure as 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'" Id. at 872-73 (quoting In re Standard Metals Corp., 817 F.2d 625, 628 (10th Cir. 1987)). It is also necessary for the court to ensure that default judgment is a "just" sanction for the offending party's misconduct. See Ehrenhaus v. Reynolds, 965 F.2d 916, 920-21 (10th Cir. 1992) (discussing dismissal as a sanction under Rule 37(b)(2)). Thus, the court should typically consider a number of other factors, including (1) the degree of actual prejudice to the non-offending party; (2) the amount of interference with the judicial

6

process caused by the offending party; (3) whether the court warned the offending party in advance that default judgment would be a likely sanction for noncompliance; and (4) the efficacy of lesser sanctions. See id. at 921. "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider" in selecting a sanction. Id. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is [default judgment] an appropriate sanction." Id. (internal quotations omitted).

"[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest [she] be faced with interminable delay and continued uncertainty as to [her] rights. The default judgment remedy serves as such a protection." In re Rains, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal quotation marks and citation omitted).

In this case, the court makes the following findings. Aside from filing a letter in response to the Complaint, which was construed by this court as the defendant's Answer (Docket No. 8), and participate in two telephone conversations with plaintiff's counsel prior to the Scheduling Conference, defendant has done nothing further to defend this case. On April 5, 2012, this court issued an Order Setting Scheduling/Planning Conference, setting a Scheduling Conference on July 6, 2012, at 10:00 a.m. (Docket No. 7). In compliance with this court's Order (Docket No. 11), plaintiff's counsel filed proof of service of the Order Setting Scheduling/Planning Conference on the defendant. (Docket No. 13). Counsel had sent a copy to the defendant at a Post Office Box (P.O. Box 681, Breckenridge, CO 80424), for which there is a signed Certified Mail Return

7

Receipt. (Docket No. 13-1 at 2). Another copy was mailed to the plaintiff at 9399 Hwy 9, Breckenridge, CO 80424, but it was returned as undeliverable. (Docket No. 13-2 at 1). In addition, plaintiff's counsel sent defendant two e-mails at mjmanzer@gmail.com, which was the e-mail address defendant provided in his Answer. (Docket No. 8). The first e-mail provided defendant with a copy of the court's Order Setting Scheduling/Planning Conference (Docket No. 7), and the second provided defendant with a copy of the plaintiff's proposed Scheduling Order. The second e-mail was sent after a brief telephone discussion plaintiff's counsel had with defendant setting a time to discuss the proposed order. However, according to counsel, defendant did not respond to a phone call at the appointed time, and the 26(f) conference was not actually held until June 21, 2012. (Docket No. 13 at 1-2). In the proposed Scheduling Order, plaintiff's counsel indicated that at that Rule 26(f) conference, defendant

> indicated his agreement with the discovery plan and schedule. He requested time to include a statement of defenses, and to generally review the pre-scheduling order before final approval. Undersigned as spoken to Mr. Manzer once, and tried calling Mr. Manzer twice more since the Rule 26(f) conference to check on his progress with the proposed scheduling order. Those calls went an [sic] answered and unreturned. Mr. Manzer has not yet returned a draft with his additions. Accordingly, this proposed scheduling order is submitted by Plaintiff's counsel without defendant's comments or signature.

(Docket No. 10 at 3).

Despite receiving notice of the Scheduling Conference, defendant failed to appear for that conference on July 6, 2012. (Docket No. 11 - Courtroom Minutes/Order). The court nevertheless entered a Scheduling Order (Docket No. 12) in which defendant was directed to, *inter alia*, provide his Rule 26(a)(1) disclosures to the plaintiff on or before July 20, 2012. (See Docket Nos. 12 at 3 and 11 at 1). Also in that Scheduling Order, a

Status Conference was set for September 10, 2012, at 9:00 a.m. (Docket No. 12 at 7).

The court sent defendant a copy of the Courtroom Minutes/Minute Order (Docket No. 11) and the Scheduling Order (Docket No. 12) to two addresses (Ski and Racquet Club 9399 Hwy 9, Breckenridge, CO 80424, and P.O. Box 681, Breckenridge, CO 80424) (see Docket No. 14 - Certificate of Mailing), but the mail to the first address was returned as undeliverable by the U.S. Postal Service (see Docket Nos. 15). The copy sent to the Post Office Box, however, was not returned. Subsequent mail from this court to the 9399 Hwy 9 address was likewise returned as undeliverable. (See Docket Nos. 21, 22, 24, 25, 30, 33).

Defendant also failed to appear at the September 10, 2012, Status Conference. (Docket No. 23 - Courtroom Minutes/Minute Order). In addition, as detailed by the plaintiff, defendant has not made his initial disclosures as directed by this court, nor has he responded to plaintiff's discovery requests.

This court further finds that the court has subject matter jurisdiction over this action and personal jurisdiction over the defendant. In addition, taking the facts pled in the Complaint as true, they support a judgment on the claims against the defendant. Furthermore, defendant has failed to comply with court orders, failed to appear as directed, failed to provide his initial disclosures, failed to respond to plaintiff's discovery requests, and failed to provide the court with a change of address as required by D.C.COLO.LCivR 10.1(M). Such failures have been willful. Plaintiff has been prejudiced, and the judicial process has been interfered with because the adversary process has been halted in this case due to the defendant's unresponsiveness. Entry of a default judgment is a just sanction for defendant's many failures detailed above. A

9

lesser sanction would most likely not be effective given defendant's lengthy, continuous absence from this litigation.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Plaintiff's Motion for Entry of Default Judgment Against Defendant Michael Manzer, or In the Alternative, Plaintiff's Motion for Extension of Time to File Expert Witness Disclosures (Docket No. 31) be granted to the extent that a default judgment be entered against the defendant, Michael Manzer.

It is further **ORDERED** that the Clerk of Court shall send a copy of this report and recommendation to the defendant at the address that is on the docket and also to the following address: P.O. Box 681, Breckenridge, CO 80424, and by electronic mail to the following address: mjmanzer@gmail.com.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

10

Date: March 4, 2013  s/ Michael J. Watanabe
      Denver, Colorado  Michael J. Watanabe
                                    United States Magistrate Judge